UNITED STATES BANKRUPTCY COURT            DATE: October 28, 2013
EASTERN DISTRICT OF NEW YORK              TIME: 9:30 AM
-------------------------------------------------------X
In Re:                                    Case no. 13-74722-reg
                                          Chapter 13
                                          NOTICE OF MOTION
          LORI STANISLAUS,                TO VACATE STAY PURSUANT
                                          TO SECTION 362)(d)(1) and (d)(2)
                                          OF THE UNITED STATES
                          DEBTOR.         BANKRUPTCY CODE

                                          Hon. Robert E. Grossman

-------------------------------------------------------X

SIRS/MADAM:

PLEASE TAKE NOTICE that a motion will be heard by the Honorable Robert E.

Grossman, United States Bankruptcy Judge, United States Bankruptcy Court, Long Island

Federal Courthouse, 209 Federal Plaza, Central Islip, NY 11722, Courtroom 860 on October 28,

2013 at 9:30 AM. The proposed Motion will seek to vacate the automatic stay imposed by 11

U.S.C. Section 362 with regard to the Debtor's possession of the premises located at 104 Janos

Lane, West Hempstead, NY 11552 of which SRMOF REO 2011-1 TRUST is the owner

pursuant to a Deed; a copy of said proposed order is annexed hereto.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief herein

requested shall be in writing, shall state with particularity the grounds for the objection, shall be

filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the

Movant at least seven (7) days before the return date of this motion.

Dated:   Syosset, New York
         September 23, 2013

                          ALAN H. WEINREB, ESQ.
                          THE MARGOLIN & WEINREB LAW GROUP, LLP
                          Attorneys for SRMOF REO 2011-1 TRUST
                          165 Eileen Way, Suite 101
                          Syosset, New York 11791
                          (516) 945-6055

TO:

LORI STANISLAUS
DEBTOR PRO SE
104 JANOS LANE
WEST HEMPSTEAD, NY 11552

MICHAEL J. MACCO, ESQ.
TRUSTEE
135 PINELAWN ROAD, SUITE 120 SOUTH
MELVILLE, NY 11747

U.S. TRUSTEE
UNITED STATES TRUSTEE
LONG ISLAND FEDERAL COURTHOUSE
560 FEDERAL PLAZA – ROOM 560
CENTRAL ISLIP, NY 11722-4437

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                    Case no. 13-74722-reg
                                                                              Chapter 13
    LORI STANISLAUS,

                    DEBTOR.
                                                                              Hon. ROBERT E. GROSSMAN
-----------------------------------------------------------X

## ORDER MODIFYING AND TERMINATING THE AUTOMATIC STAY

APPLICATION HAVING BEEN MADE to this Court by SRMOF REO 2011-1 TRUST (the

"Movant"), by its attorneys, The Margolin & Weinreb Law Group, LLP, by motion, dated

September 23, 2013, seeking an Order:  (i) pursuant to 11 U.S.C. § 362(d)(1) modifying and

terminating the automatic stay imposed by 11 U.S.C. § 362(a) to permit Applicant to exercise all

of its rights and remedies with respect to certain premises occupied by the Debtor LORI

STANISLAUS, and others located at 104 Janos Lane, West Hempstead, NY 11552;  and (ii)

granting such other and further relief as this Court deems just and proper;  and no opposition

having been submitted thereto, and after due deliberation, the relief requested appearing

reasonable, proper and warranted in fact and by law;  it is

ORDERED that the Application of Movant is granted modifying the automatic stay to allow

Movant, its successors and/or assigns, to pursue any and all actions and to exercise its rights and

remedies in and to the premises known as 104 Janos Lane, West Hempstead, NY 11552, and it is

further

            ORDERED, that Movant may commence, resume or maintain eviction proceedings with

respect to the premises.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In Re:                                                          Case no. 13-74722-reg
                                                                Chapter 13


LORI STANISLAUS,


                              DEBTOR.
--------------------------------------------------------X


ATTORNEY'S AFFIRMATION IN SUPPORT OF THE
MOTION TO LIFT AND VACATE THE STAY

TO: HON. ROBERT E. GROSSMAN, United States Bankruptcy Judge:

 ALAN H. WEINREB, ESQ., the undersigned, an attorney duly admitted to practice before this

Court, affirms under penalty of perjury as follows:

     1.     I am the Managing Partner of THE MARGOLIN & WEINREB LAW GROUP,

LLP, the attorneys for SRMOF REO 2011-1 TRUST, hereinafter referred to as "MOVANT",

and as such I am fully familiar with the circumstances of this case.

     2.     I make this affirmation in support of MOVANT'S Motion for an Order vacating

the automatic stay imposed by virtue of 11 U.S.C. Section 362 (a).

     3.     The Movant's application is brought pursuant to F.R.B.P. 4001, for an Order: (i)

modifying and terminating the automatic stay pursuant to 11 U.S.C. Section 362 (d)(1)

permitting Movant to exercise all of its rights and remedies as the owner of the Premises known

as 104 Janos Lane, West Hempstead, NY 11552,  currently occupied by the Debtor, LORI

STANISLAUS, and others; and (ii) granting such other and further relief as this Court deems just

and proper.

4.      That the Debtor herein filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 12, 2013. Michael J. Macco, Esq. has been appointed Chapter 7 Trustee.

5.      That by the Deed in Lieu of Foreclosure, dated August 23, 2012 and recorded in the Nassau County Clerk's Office on October 24, 2012 in Liber 12882, Pages 534-540, Movant became the owner of the premises, occupied by the debtor and others, known as 104 Janos Lane, West Hempstead, NY 11552.  (See copy of the Deed annexed as Exhibit 'A').

6.      Warrant of Eviction was issued to the Sheriff of Nassau County on June 25, 2013 by the Honorable Scott Fairgrieve, Nassau County District Court Judge, directing that the Movant be put into possession of the premises, so held by it and to evict all occupants therein.  (See Exhibit 'B').  Debtor's bankruptcy filing has hindered Movant's possession of this property.

7.      Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..."  As set forth above, cause exists to vacate the automatic stay as the Debtor has no interest in the subject premises and there is no Landlord Tenant relationship between the Debtor and the Movant.

8.      Movant seeks an order of relief from the automatic stay imposed by 11 U.S.C. § 362(a) so it may continue summary proceedings to obtain possession.

9.      Section 541(a) of the Bankruptcy Code describes what is property of the Debtor's estate.  The definition of "property of the estate," under the Bankruptcy Code encompasses the legal and equitable interests of the debtor and does not include property in which the debtor has no interest.  _Roosevelt Sav. Bank v. Goldberg,_ 45 N.Y.S.2d 988, 118 Misc.2d 220 (Sup. Ct. 1983).

10.    Accordingly, since the Debtor does not own the premises herein as property of its bankruptcy estate, there exists "cause" to enable the court to vacate the stay so Movant can proceed to acquire possession of its property.

11.    This motion is made however because although the premises wherein the Debtor resides is not owned by her, the automatic stay was invoked upon the filing of a petition. A mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger protection of the automatic stay. In re *48th Street Steakhouse, Inc.*, 61 B.R. 182 (Bankr. S.D.N.Y. 1986), aff'd, 77 B.R. 409 (S.D.N.Y.), aff'd, 835 F.2d 427 (2d Cir. 1987), cert. denied, Rockefeller Group, Inc. v. 48th Street Steakhouse, Inc. (1988).

12.    The Debtor's continued possession of the premises will cause Movant to suffer additional losses as well as delays in securing possession of the premises to which its loan was secured. The Debtor herein is not a tenant either, but simply a holdover squatter in a property that has been foreclosed, which is not property of the debtor. The preceding detriment to Movant should be deemed to satisfy the "for cause" element of § 362(d)(1).

13.    Accordingly, there is "cause" as set out in 11 U.S.C. 362(d)(1) to vacate the automatic stay as the Debtor continues to reside in movant's property without any lease or other agreement or ownership interest in the premises to allow him to continue to occupy these premises.

WHEREFORE, SRMOF REO 2011-1 TRUST, respectfully requests an Order be granted vacating the automatic stay as to Movant to enable Movant to continue its summary proceedings against the premises.

Dated:  Syosset, New York
          September 23, 2013

                                        Alan H. Weinreb, Esq.



NASSAU COUNTY CLERK'S OFFICE
ENDORSEMENT COVER PAGE

Recorded Date: 10-24-2012
Recorded Time:  2:53:38 p

Record and Return To:
NATIONAL ADVANTAGE SETTLEMENT SVC
329 FOREST GROVE RD STE 201
CORAOPOLIS, PA  15108

Liber Book: D  12882
Pages From:      534
        To:      540

Control
Number:  2205
Ref #:  RE  005453
Doc Type: D01  DEED

Location:
HEMPSTEAD (2820)

Section  Block     Lot     Unit
0035     00538-00  00008

Consideration Amount:      358,691.16

Taxes Total            1,436.00
Recording Totals         280.00
Total Payment          1,716.00

LLS001

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
MAUREEN O'CONNELL
COUNTY CLERK



2012102402205



After Recording Return to:
AVENUE 365 LENDER SERVICES, LLC
Attn: JASMINE BAILEY
4000 CHEMICAL ROAD, SUITE 440
PLYMOUTH MEETING, PA 19462
File No. 4432

Amount Still Owing: $358,691.16

This document prepared by:
FRANK P. DEC, ESQ.
8940 MAIN STREET
CLARENCE, NY 14031
716-634-3405

**PLEASE RECORD & RETURN TO:**
National Advantage Settlement SVC
329 Forest Grove Road, STE 201
Coraopolis, PA 15108

Tax ID No.:
12/35-538-8

AVE - 4432

## DEED IN LIEU OF FORECLOSURE

This deed is subject to the terms of an Estoppel Affidavit recorded concurrently, and Deed in Lieu of Foreclosure Agreement, both effective this 23 day of AUGUST, 2012.

THIS INDENTURE made and entered into on this 23 day of Aug., 2012 by and between DEMETRIA GARRETT, of 3864 3RD AVENUE, BRONX, NY 10457, hereinafter referred to as Grantor(s) and SRMOF REO 2011-1 TRUST, of C/O SELENE FINANCE LP, 9990 RICHMOND, SUITE 400, HOUSTON, TX 77042, hereinafter referred to as Grantee(s).

Witnesseth, That consideration for this Deed is the release of liability owed by Grantor under the terms of the Promissory Note dated 6/28/2007 executed by Grantor in favor of OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, and subsequently assigned to Grantee, to secure against the Property by Mortgage and to avoid foreclosure, and fees and costs associated with foreclosure. Grantor does hereby grant, bargain and sell, release and confirm unto the said Grantee(s), their heirs and assigns all that certain land more fully described on the attached Exhibit "A":

SEE ATTACHED EXHIBIT "A"

SUBJECT TO EASEMENTS AND RESTRICTIONS OF RECORD.

Prior instrument reference: LIBER D 12290, PAGE 655-657, Recorded: 07/19/2007

TO HAVE AND TO HOLD the lot or parcel above described together with all and singular the rights, privileges, tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining unto the said Grantee and unto Grantee's heirs, administrators, successors or assigns, forever.

GRANTORS hereby covenant with and represent unto the said Grantee and unto his successors or assigns, that they are lawfully seized in fee of the lot or parcel of land above described; that the same is free from all liens and encumbrances except all valorem taxes for the current tax year and subsequent years, restrictions, restrictive covenants and easements of record, if any; that they have a good and lawful right to sell and convey the same as aforesaid and that they will forever warrant and defend the title to same unto the said Grantee and unto his successors or assigns, forever, except as to said taxes, restrictions, restrictive covenants and easements of record, if any.

Subject to that certain Mortgage/Deed of Trust executed by DEMETRIA GARRETT, as mortgagor/trustor and OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, as mortgagee/beneficiary dated 06/28/2007, recorded 07/19/2007 as BOOK M 12123, PAGE 20-34 official records, County of NASSAU, State of NEW YORK.

The parties to this agreement specifically intend that this conveyance shall not constitute a merger of the interest of Lender under the mortgage/deed of trust with the fee title conveyed to the lender. It is the intention of the parties that the property shall remain subject to the liens of the mortgage/deed of trust as well as any other security interests in other collateral that lender holds or may hold. The loan documents shall be and remain at all times valid and continuous liens on the property and other collateral subject only to lender's written and recorded releases as lender may, in its sole discretion, subsequently execute.

This deed is an absolute conveyance, the grantor(s) having sold said land to the grantee(s) for a fair and adequate consideration. Grantor(s) declare that this conveyance is freely and fairly made, and that there are no agreements, oral or written, other than this deed between grantor(s) and grantee(s) with respect to said land.

AND THIS CONVEYANCE IS IN COMPLIANCE WITH SECTION 13 OF THE LIEN LAW.

Assessor's parcel No. 12/35-538-8

IN WITNESS WHEREOF, the said Grantors have hereunto set their hands and seals on this the day and year first above written.

DEMETRIA GARRETT

STATE OF _____ NY
COUNTY OF _____ BX

On _8/22/2012_ before me, the undersigned, a Notary Public in and for said State, personally appeared _Demetria Garrett_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacit(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

Robert Anselm
Notary Public
State of New York
No. 01AN6150236
Qualified in Bronx County
My Comm. Exp July 24 2014

EXHIBIT A
LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF NASSAU, STATE OF NEW YORK, AND IS DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING NEAR ROCKVILLE CENTRE, TOWN OF HEMPSTEAD, COUNTY OF NASSAU AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS AND BY THE LOT #8 IN BLOCK 3 AS SHOWN ON A CERTAIN MAP ENTITLED, "MAP OF HEMPSTEAD LAKE PARK ESTATES SITUATED AT LAKEVIEW, TOWN OF HEMPSTEAD, SURVEYED OCTOBER 3, 1941 BY WILLIAM E. DEBRUIN, C.E. AND FILED IN THE NASSAU COUNTY CLERK'S OFFICE ON DECEMBER 13, 1941 AS MAP #4185, WHICH SAID LOT IS MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EASTERLY SIDE OF JANOS LANE, DISTANT 77.38 FEET NORTHERLY FROM THE INTERSECTION OF THE NORTHERLY LINE NOW OR FORMERLY OF BISCHOFF WITH THE EASTERLY SIDE OF JANOS LANE; RUNNING THENCE NORTH 11 DEGREES 22 MINUTES 25 SECONDS EAST ALONG THE EASTERLY SIDE OF JANOS LANE, 73 FEET; RUNNING THENCE SOUTH 78 DEGREES 37 MINUTES 35 SECONDS EAST 324.71 FEET; RUNNING THENCE SOUTH 10 DEGREES 08 MINUTES 30 SECONDS WEST 73.02 FEET; RUNNING THENCE NORTH 78 DEGREES 37 MINUTES 35 SECONDS WEST 326.28 FEET TO THE EASTERLY SIDE OF JANOS LANE AT THE POINT OR PLACE OF BEGINNING.

SAID PREMISES BEING KNOWN AS JANOS LANE, WEST HEMPSTEAD, NEW YORK 11552.

PARCEL ID: SECTION/BLOCK/LOT: 35/538/8

PROPERTY COMMONLY KNOWN AS: 104 JANOS LANE, WEST HEMPSTEAD, NY 11552

EXHIBIT

ESTOPPEL AFFIDAVIT

STATE OF New York
COUNTY OF Nassau

PLEASE RECORD & RETURN TO:
National Advantage Settlement SVC
329 Forest Grove Road, STE 201
Coraopolis, PA 15108

AUR ~ 4432

BEFORE ME, the undersigned notary public, personally appeared DEMETRIA GARRETT, who, having been first duly sworn according to law, represent, warrant, depose and say:

1. They have personal knowledge of all matters set forth in this Affidavit.

2. They are the Owners (hereinafter referred to as "Owner" or "Owners") of the fee simple title to certain real property (the "Property") situated in NASSAU County, NEW YORK, legally described as follows:

See attached Exhibit "A"

PIN# 12/35-538-8

3. There are no other persons who have an ownership interest in the Property other than Owner. The street address of the Property is 104 JANOS LANE, WEST HEMPSTEAD, NY 11552

4. The Owner is/are not a foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined in the Internal Revenue Code and Income Tax Regulations) for purposes of United States income taxation and for purposes of disclosure under 26 U.S.C.A., Section 1445. The Owners is/are citizens of the United States of America, whose Social Security Numbers are on file in the with the issuing agent.

5. The Owner's title to and possession and enjoyment of the Property has been open, notorious, peaceable, and undisturbed, except that the Property is leased by Owner as follows:

TENANT   DATE OF LEASE

None

6. Neither the Owner's title to nor possession of the Property have ever been disputed or questioned nor is the Affiant aware of any facts by reason of which the title to, or possession of, the Property or any part of it or any personal property located on it might be disputed or questioned or by reason of which any claim to the Property or any portion of it or any personal property located on it might be adversely asserted, except as noted above.

7. There are no disputes concerning the location of the boundary lines of the Property as of this date.

8. There are no outstanding or unpaid taxes or assessments (pending or certified) or any unpaid or unsatisfied mortgages, claims of lien, notices of commencement, unrecorded easements contracts for sale, agreements for deed, deeds, or other matters that constitute or could constitute a lien or encumbrance against the Property or any improvements on it or any part of it or against any personal property located on it as of this date.

9. There are no security agreements, financing statements, title retention contracts, or personal property leases affecting any materials, fixtures, appliances, furnishings, or equipment places on or installed in or on the Property as of this date.

10. There are no actions, proceedings, judgments, bankruptcies, liens, or executions pending or recorded among the Public Records of NASSAU County, NEW YORK or any other courts, as of this date, nor has an assignment for benefit of creditors been made at any time, nor is there now in effect any assignment of rents of the property or any part thereof, except as listed below. Owner is not insolvent as that term is defined in the Bankruptcy Code, nor is Owner contemplating filing Bankruptcy within ninety days hereof.

11. There are no unpaid bills of any nature, either for labor or materials used in making improvements or repairs on the Property, or for services of architects, surveyors, or engineers incurred in connection with the Property.

12. The Owner, in the operation of the Property, has complied in all respects with the Sales Tax Law of the State of NEW YORK. Additionally, Owner has paid in full all taxes, charges, and assessments levied and assessed against the Property which are currently due and payable.

13. There are no violations of municipal, county, or other regulatory ordinances, rules, or regulations pertaining to the Property.

14. All utilities necessary for the use for the Property set forth above are in place.

15. That the following judgments or liens recorded in NASSAU, State of NEW YORK, which Owner has examined, are not against the Owner but are against other persons or entities of a similar name:

16. NONE

17. There are no federal tax claims, liens, or penalties assessed against Owner either individually or in any other capacity.

18. Owner has never changed his or her name, nor used any other name than that set forth herein at any time.

19. That Owner's marital status is:
____Married  ✓ Single
____Married  ____Single

20. If married, Owners have been married to each other and have been so married continuously since _____ without ever having been married to any other person now living.

21. The Owner does not owe any monies to a depository for payment of support which may create a support lien on the Property.

22. The Purchaser of the Property intends to rely on the foregoing representations in connection with the United States Foreign Investment in Real Property Tax Act (94 Stat. 2682, as amended). Owner understands that his certification may be disclosed to the Internal Revenue Service by Purchaser and that any false statement contained in this certification may be punished by fine, imprisonment, or both.

23. The Property has not been used or involved with the disposal, treatment, or storage of hazardous waste or hazardous substances as those terms are defined by 42 U.S.C., Section 9601.

24. This Affidavit is made (1) to induce SRMOF REO 2011-1 TRUST, (hereinafter referred to as "Grantee") to accept a Deed in Lieu of Foreclosure, and (2) to induce AVENUE 365 LENDER SERVICES, LLC to issue an Owner's policy of title insurance to the Grantee.

25. The Owner has not and Owner hereby agrees and represents that it will not execute any instrument, or do any act whatsoever, that in any way would or may affect the title to the Property, including but not limited to the mortgaging or conveying of the Property or any interest in it or causing any liens to be recorded against the Property or the Owner.

26. That the aforesaid deed was an absolute conveyance of the title to said premises to the grantee named therein in effect as well as in form, and was not and is not intended as a mortgage, trust conveyance, or security of any kind, and that possession of said premises has been surrendered to the Grantee, or is successor or assigns; that the consideration in aforesaid deed was and is payment to Owner of the sum of Ten and No/100 Dollars ($10.00) and other good and valuable considerations by the said Grantee, or its successors or assigns, receipt of which is hereby acknowledged, together with the full cancellation of all debts, obligations, costs, and charges heretofore existing under and by virtue of the terms of a certain mortgage (in default) heretofore existing on the property therein and more fully described in the Deed executed simultaneously with this Affidavit, cancellation of record of said mortgage by the Grantee.

27. That the aforesaid deed of conveyance was made by Owner as the result of their request that the Grantee accept such deed, and was their free and voluntary act, that at the time of making said deed Owner felt and still feels that the mortgage indebtedness above mentioned represents the fair value of the property so deeded; that said deed was not given as a preference against other creditors of Owner; that at the time it was given there was no other person or persons, firms, or corporations, other than the Grantee interested, either directly or indirectly, in said premises; that Owner is solvent and has no other creditors whose right would be prejudiced by such conveyance, and that Owner is not obligated upon any note, bond, or other mortgage whereby any lien has been created or exists against the premises described in said deed; and that Owner in offering to execute the aforesaid deed to the Grantee, and in executing same, was not acting under any duress, undue influence, misapprehension, or misrepresentation by the Grantee, the agent or attorney or any other representative of the Grantee, and that it was the intention of Owner as grantors in said deed to convey and by said deed Owner did convey to the Grantee all their right, title, and interest absolutely in and to the premises described in said deed.

28. That the aforesaid deed of conveyance made by Owner was executed and delivered with the express understanding that it does not operate, even though placed of record, to effect such a merger of interest as to extinguish the mortgage lien, and that its receipt by Grantee does not constitute legal delivery and shall be of no binding force and effect whatsoever until such time as the Grantee consents to the acceptance of such deed, after approval of title by the Grantee. Grantee agrees to notify the owner of the acceptance or non acceptance of such deed within 30 days, after the property has been vacated and the Grantee is in receipt of the fully executed Deed. The receipt or acceptance on said deed as aforesaid shall in no way restrict the right of the Grantee, or the right of its successors in interest, to foreclose the mortgage debt if foreclosure is deemed desirable. From and after his date, Owner also assigns, transfers, and sets over to the Grantee any rentals then owing or which may thereafter become due from any occupant or occupants of said property.

29. This affidavit is made for the protection and benefit of the aforesaid Grantee, its successors and assigns, and all other parties hereafter dealing with or who may acquire any interest in the property described in the aforesaid deed, and shall bind the heirs, executors, administrators, and assigns of the undersigned.

30. Owner agrees to indemnify and hold Policy Issuing Agent and Underwriter harmless of and from all loss, cost, damage and expense of every kind, including attorneys' fees, which Policy Issuing Agent and Underwriter shall sustain or become liable for under its policy of title insurance not to be issued on account of or in reliance upon any statements made herein, including but not limited to, any matters that may be recorded between the effective date of the Commitment referenced above and the time of the recording the instrument described in said Commitment.

NOTICE TO VACATE

31. Owner agrees that upon notification of acceptance of Owner's request for a Deed in Lieu of Foreclosure, Owner will vacate and turn over possession of the Property to the Grantee upon demand, or on or before _____.

32. Failure to vacate the premises as required may not only delay the Deed in Lieu process and/or render the Deed in Lieu Agreement null and void, but may also cause Lender to contact local authorities to remove Owner from the property.

33. This Affidavit is made and given by Owner with full knowledge of applicable state laws regarding sworn Affidavits and the penalties and liabilities resulting from false statements and misrepresentations therein.

FURTHER AFFIANT SAYETH NOT.

_____
DEMETRIA GARRETT

STATE OF ___NY___
COUNTY OF ___NY___

On __8__ __23__ __2012__, before me, the undersigned, a Notary Public in and for said State, personally appeared _Demetric Garrett_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacit(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

_____
NOTARY PUBLIC

THIS DOCUMENT PREPARED BY:
FRANK P. DEC, ESQ.
8940 MAIN STREET
CLARENCE, NY 14031
716-634-3405

Robert Anselm
Notary Public
State of New York
No. 01AN6150236
Qualified in Bronx County
My Comm. Exp July 24 2014

EXHIBIT "B"

### Nassau County District Court - 1st District
### LANDLORD TENANT

SRMOF REO 2011-1 Trust
vs.
Demetria Garrett et al.

**Index Number: LT-001491-13/NA**



### WARRANT OF EVICTION

#### TO THE SHERIFF OF NASSAU COUNTY

Final decision in favor of the petitioner(s) has been granted based on the judgment of possession entered in the Nassau County District Court - 1st District on 06/25/2013, which awarded the petitioner(s) the delivery of the premises:
(1) SRMOF REO 2011-1 Trust

Therefore, you are commanded to remove the respondent(s) listed below:
(1) Demetria Garrett
(2) Baruch Stanislaus
(3) "John" "Doe"
(4) Lorie Stanislaus

And all other persons from the following described premises, located in the County of Nassau and to put said petitioner(s) in full possession thereof:
(1) 104 Janos Lane, West Hempstead, New York 11552

**Witness,  Honorable Scott Fairgrieve**
         **District Court Judge**

Dated: 06/25/2013

Sequence 1A

Honorable Scott Fairgrieve
District Court Judge

**Execution of the Warrant is Stayed to and including 08/20/2013**

Generated 06/25/2013 at 09:33 AM                    Page 1 of 1

## Nassau County District Court - 1st District
## Landlord and Tenant Judgment

Petitioner(s):
  SRMOF REO 2011-1 Trust

**Index Number: LT-001491-13/NA**

vs.

A Notice of Petition and Holdover Petition duly verified and proof of service having been filed with this court and the issue having been settled between the parties, a final order is made, per written stipulation of settlement in favor of Petitioner: SRMOF REO 2011-1 Trust.

Respondent(s):
  Demetria Garrett;
  Baruch Stanislaus;
  "John" "Doe";
  Lorie Stanislaus

On Motion of:      Pitnick & Margolin LLP
                   165 Eileen Way, Syosset, NY 11791-

**IT IS ADJUDGED:**

That possession of the premises, described in the petition located at 104 Janos Lane, West Hempstead, New York 11552, be awarded to the petitioner(s), plus costs and disbursements in the amount of $25.00, for a total judgment of $25.00.

Petitioner creditor(s) and address(es):
(1) SRMOF REO 2011-1 Trust, at c/o Pitnick & Margolin LLP, 165 Eileen Way, Syosset, New York 11791

Respondent debtor(s) and address(es):
(1) Lorie Stanislaus, at 104 Janos Lane, West Hempstead, New York 11552

**IT IS FURTHER ORDERED:**

That a warrant of eviction shall issue removing all named respondents from the described premises. The Execution of the Warrant is Stayed to and including 08/20/2013.

*HON. SCOTT FAIRGRIEVE*

Date of Decision: 06/20/2013

_____
Honorable Scott Fairgrieve
District Court Judge

Judgment entered at Nassau County District Court - 1st District, 99 Main Street, Hempstead, New York 11550, in the STATE OF NEW YORK in the total amount of **$25.00 on 06/25/2013 at 09:33 AM.**

Judgment sequence 1

_____
Sandra Lee, Clerk Civil Term

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In Re:                                        Case no. 13-74722-reg
                                              Chapter 13

   LORI STANISLAUS,

              DEBTOR.                         AFFIDAVIT OF SERVICE

-------------------------------------------------------X

STATE OF NEW YORK        )

COUNTY OF NASSAU         ;) ss:

  JADWIGA SZAJNER, being duly sworn, deposes and says, that deponent is not a party to the
action, is over 18 years of age and resides in   Nassau County, New York.

  That on  September 23rd, 2013, deponent served a true and exact copy of a Notice of Motion
and Motion for Relief from the Automatic Stay with supporting exhibits upon:

LORI STANISLAUS
104 JANOS LANE
WEST HEMPSTEAD, NY 11552

MICHAEL J. MACCO, ESQ.
135 PINELAWN ROAD, SUITE 120 SOUTH
MELVILLE, NY 11747

UNITED STATES TRUSTEE
LONG ISLAND FEDERAL COURTHOUSE
560 FEDERAL PLAZA – ROOM 560
CENTRAL ISLIP, NY 11722-4437

these being the addresses designated by said individuals for that purpose, by depositing a true
copy of same enclosed in a post-paid, properly addressed envelope, in a post office official
depository under the exclusive care and custody of the United States Postal Service within the
State of New York.

                                   _____
                                        JADWIGA SZAJNER

Sworn to before me this
23rd Day of September, 2013

_____
NOTARY PUBLIC

          LESLIE A. LUQUER
     Notary Public, State of New York
      Suffolk County No. 525001780          14
   Commission Expires September 14, 20__

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

    LORI STANISLAUS,

           Debtor.

## NOTICE OF MOTION AND APPLICATION
## IN SUPPORT OF ENTRY OF AN ORDER GRANTING RELIEF FROM
## THE AUTOMATIC STAY

Alan Weinreb, Esq.
The Margolin & Weinreb Law Group, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
516-945 6055

NOTICE OF MOTION COVER SHEET

NAME OF DEBTOR                              CASE NUMBER
LORI STANISLAUS
PRO SE
PLAINTIFF/MOVANT
SRMOF REO 2011-1 TRUST                     ATTORNEYS IF KNOWN
ATTORNEYS
The Margolin & Weinreb Law Group, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
516-945 6055

PRINT NAME OF ATTORNEY             SIGNATURE
Alan Weinreb, Esq.

NATURE OF SUIT
(Check All Boxes That Apply to This Motion)

_____X_____          To Grant Relief from the Automatic Stay
                     11 U.S.C. Section of 362(d) ($176.00 fee required)

_____        To Withdraw the Reference of a Case
                     11 U.S.C. Section 157(d)  ($75.00 fee required)

_____        To Compel Abandonment of Property
                     Of the Estate – B.R. 6007(b)  ($75.00 fee required)

_____        To Convert (fee not required)

_____        To Dismiss (fee not required)

_____        To Assume/Reject (fee not required)

_____        To Extend Time to Object to Discharge/Dischargeability

_____        To Extend Exclusivity Period to File Plan, Etc.

_____        Objections to Claims

_____        For Summary Judgment

_____        Other-Specify Type of Motion_____

FILING FEE(Check One) _____Fee Attached __X__Fee Paid Online

# THE MARGOLIN & WEINREB LAW GROUP, LLP

Attorneys at Law
165 Eileen Way, Suite 101
Syosset, New York 11791
(516) 921-3838
FAX   (516) 921-3824
(516) 945-6055
FAX   (516) 945-6056
www.nyfclaw.com

ALAN WEINREB, ESQ.
C. LANCE MARGOLIN, ESQ.
Cynthia A. Nierer, Esq., Managing Attorney

September 23, 2013

United States Bankruptcy Court
Eastern District of New York
LONG ISLAND FEDERAL COURTHOUSE
290 FEDERAL PLAZA
PO Box 9013
CENTRAL ISLIP, NY 11722

RE:    Debtor: Lori Stanislaus
Bankruptcy Case No.: 13-74722-reg
Chapter 13

Dear Sir or Madam:

Enclosed herewith please find one Chambers Copy of a Notice of Motion and Motion for Modification of the Automatic Stay.  The appropriate filing fee in the amount of $176.00 has been paid online.

Please file this motion with the Court as it is scheduled for hearing on October 28, 2013 at 9:30 AM.

Your assistance is greatly appreciated.

Very truly yours,

Alan Weinreb, Esq.
The Margolin & Weinreb Law Group, LLP
Attorneys for SRMOF REO 2011-1 TRUST
165 Eileen Way, Suite 101
Syosset, NY 11791
Enclosures